IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROGER L. MOSS,**

                **Petitioner,**

        v.                              CASE NO.  06-3289-SAC

**DAVID R. McKUNE, et al.,**

                **Respondents.**

### MEMORANDUM AND ORDER

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed and the filing fee was paid by an inmate of the Lansing Correctional Facility, Lansing, Kansas.  Having considered the Petition, the court finds as follows.

Petitioner Moss was convicted in the District Court of Sedgwick County, Wichita, Kansas, in September, 1993, of one count of possession of cocaine, and three counts of battery against a law enforcement officer in Case No. 93CR1479 and another count of possession of cocaine in Case No. 93CR1589 committed a few days earlier.  He alleges he entered pleas of nolo contendere and guilty to the various crimes.  Thus, these matters were not tried, and it appears from on-line Kansas appellate court records that he either did not directly appeal these convictions or he filed a direct appeal, which he then voluntarily dismissed[1].  On the two 1993 drug convictions, Mr. Moss was granted 24 months' probation with an

---

      [1]     See State of Kansas v. Moss, Kansas Appellate Case Nos. 82986 & 82987 (Docketed Apr. 19, 1999 and voluntarily dismissed Oct. 14, 1999).  It is difficult to imagine how a direct appeal of the 1993 convictions could have properly been filed in 1999.

underlying concurrent prison term of 13 months in each case. In February 1994, Moss's probation on the 1993 convictions was violated, and his term extended to February, 1996.

Apparently in March, 1994, the district court denied a Motion to Withdraw his 1993 plea filed by Moss[2].

In April 1994, Moss was convicted of aggravated escape and sentenced to probation with an underlying prison term of 18 months in Case No. 94CR673. In August, 1994, Moss's probation was revoked in the 1994 case and again in the 1993 cases. In the 1994 case Moss was ordered to serve the underlying 18-month sentence consecutive to the underlying 13-month sentences in his 1993 cases. The KDOC on-line inmate information sheet on petitioner designates the 1993 and 1994 cases as Active for Post Release Supervision Only."

In 1996, Moss was arrested in an uncover operation, and convicted in an unrelated felony drug case in Case No. 96CR2188. The Honorable Senior U.S. District Court Judge Wesley E. Brown, in a very thorough opinion in a prior 2254 Petition discussed later herein, set forth the procedural history of Mr. Moss's claims. Moss v. McKune, 258 F.Supp.2d 1168, 172-73 (D.Kan. March 7, 2003). Judge Brown found Mr. Moss's first trial on the 1996 charges ended in a hung jury. His second trial differed in that the State introduced testimony of a previously confidential informant and evidence of one

---

[2] The court has no record of this motion presently before it, other than its mention in an opinion of the KCOA setting forth the procedural history of petitioner's case. Thus, the court does not know the basis for this motion, the date it was filed, or the grounds for its denial. It obviously was not granted, and its denial does not appear to have been appealed.

of his prior drug convictions, and Moss was found guilty.  Id.  Moss directly appealed his 1996 convictions[3], which were affirmed by the Kansas Court of Appeals (KCOA) in State v. Moss, 992 P.2d 826 (Kan.App. Dec. 23, 1999)(Table)(No. 79,828) on December 23, 1999.  His appellate counsel briefed the issue of admission of the Petitioner's prior drug conviction" and "disputed the manner in which Petitioner's two prior convictions were used to enhance his sentence ."  Id. at 1172.  A Petition for Review was denied by the Kansas Supreme court on March 21, 2000.

In May, 2000, Moss filed a pro se motion under K.S.A. 60-1507 in Case No. 00C6182, asserting ineffective assistance of trial counsel and numerous other issues including that his two prior convictions were unlawfully used to enhance his sentence on the 1996 charges.  Judge Brown noted Mr. Moss "argued for the first time" that the pleas in his two earlier convictions were unlawful."  The state district court denied the motion without a hearing.  The KCOA affirmed[4] the denial on December 14, 2001, in Moss v. State, 37 P.3d 47 (Kan.App. Dec. 14, 2001)(Table)(No. 85745).  Judge Brown found the KCOA, in its unpublished opinion affirming the denial of petitioner's 1507 motion, "refused to consider the use of the prior convictions for sentence enhancement because the issue had been resolved on direct appeal;" and "also held that the Petitioner could not collaterally attack the lawfulness of the pleas in the prior

---

[3]    The appeal was docketed on September 16, 1997.

[4]    This appeal was docketed on August 23, 2000.

3

convictions." Moss, 258 F.Supp.2d at 1172. The Kansas Supreme Court denied review on March 19, 2002.

On April 3, 2002, Moss filed the cited prior 2254 petition in federal court challenging his Kansas convictions for crimes including "possession of cocaine with prior convictions." Moss v. McKune, 258 F.Supp.2d at 1172. Judge Brown carefully considered all materials filed in the case "including plea transcripts for the two prior drug convictions," Id. at 1173, in determining petitioner's challenge to the state court's use of his prior convictions for sentence enhancement. Judge Brown found petitioner had contended in state court that this use of his prior convictions violated state law, and only in his 2254 petition argued it constituted a violation of federal law by the state court. Judge Brown held, "If Petitioner believed his sentencing violated federal law, he was obliged to present these arguments to the state courts before seeking federal collateral review. Moss, 258 F.Supp.2d at 1174, *citing* Duncan v. Henry, 513 U.S. 364, 365-66 (1995). The federal judge further held "Because Petitioner did not present his federal claim in state court, where it is now barred, State v. Neer, 247 Kan. 137, 141, 795 P.2d 362 (1990), he has procedurally defaulted this claim for purposes of federal habeas relief." Moss, 258 F.Supp.2d at 1174. The federal court then considered the admission of petitioner's prior conviction in the guilt phase and similarly held that "although Petitioner complained on direct appeal about the admission into evidence of his prior drug convictions, his arguments were based solely on state law." Id. Petitioner had argued on direct

4

appeal denial of a fair trial due to cumulative error, and listed admission of his prior conviction as one error.  However, he maintained the admission was error because it violated K.S.A. 60-455, not federal law.  Id. at 1174, FN2.  The federal court found the KCOA "carefully examined and rejected" the claim that this evidence violated K.S.A. 60-455, and held petitioner had "failed to exhaust his state remedies on this issue," so it was procedurally defaulted in federal court.  Id. at 1174.  Judge Brown next considered under "Claims Raised on Collateral Appeal" in the state courts the "alleged unlawful pleas used to enhance the sentence." Id. at 1179.  The federal judge stated, "Petitioner used the state collateral appeal in the instant case to attack the lawfulness of the guilty pleas in his two prior convictions," but the KCOA "refused to consider the issue."  Judge Brown then held that "because the prior convictions are now no longer open to direct or collateral review in state court, Petitioner may not attack them in a § 2254 petition."  Citing see Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 402 (2001).  Judge Brown mentioned that the only exception to this rule, failure to appoint counsel in violation of the Sixth Amendment, did not apply because Mr. Moss had counsel at his pleas.  The federal court thus found the KCOA's application of federal law on this issue was not unreasonable.  Id. at 1180. Petitioner appealed, and the Tenth Circuit Court of Appeals denied a Certificate of Appealability after finding "the district court reviewed the following claims, all of which were previously adjudicated by the Kansas courts: . . . (2) the prior convictions

5

used to enhance Moss' sentence were obtained in violation of the Constitution," and "concluded that the state courts' adjudication of these claims was not contrary to, nor an unreasonable application of clearly established federal law."  Moss v. McKune, No. 03-3092 at *3-*4 (10th Cir. Dec. 9, 2003).

In April 2003, Moss filed a Motion to Correct Illegal Sentence in the state sentencing court.  In June 2003, he filed a second 60-1507 motion, and later in June he filed a Motion for Relief from Judgment pursuant to K.S.A. 60-260(b)(4), where he made claims challenging his pleas similar to those in his 1507 motion in 2000.  The district court collectively reviewed and summarily denied these matters as a 1507 motion.  The KCOA affirmed the denial[5] in Moss v. State, No. 91,529 on November 5, 2004, finding the appeal was an impermissible attempt to submit a second or successive 1507 motion.  A Petition for Review was denied by the Kansas Supreme Court on March 1, 2005.

In January, 2004, Moss filed a Motion to Withdraw Plea (docketed in "93CR1479+") citing K.S.A. 2005 Supp. 22-3210(d)[6] claiming he was coerced into an illegal plea in 1993.  The state district court summarily denied this motion, finding Moss "continued to abuse the remedies provided by law with successive motions."  Moss appealed to the KCOA[7], which characterized his arguments as he

---

[5] This appeal was docketed on December 5, 2003.

[6] "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2005 Supp. 22-3210(d).

[7] This appeal was docketed on March 31, 2005.

was misled into accepting a plea the State was not legally permitted to offer, that his counsel's ineffectiveness rendered the plea involuntary, and that his plea was not voluntary, freely and understandably made.  The KCOA found Moss had previously filed two 1507 motions asserting his 1993 plea agreement was illegal, had shown no exceptional circumstances warranting consideration of this successive motion, and there was no "manifest injustice" to correct as claimed.  State v. Moss, No. 94,252 decided April 14, 2006.  A Petition for Review was denied on September 19, 2006.

The court finds from the foregoing procedural history that it appears this federal petition for writ of habeas corpus is "successive."  Under 28 U.S.C. §2244(b)(3)(A), a second or successive petition for habeas corpus may be filed in the district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the federal district court to consider the petition.  Id.  In response to the question on successive applications in his form 2254 petition, which asks whether the petitioner has previously filed any type of action in federal court regarding the challenged conviction, Mr. Moss incorrectly marked "No."  There is no indication in the materials filed that petitioner has obtained the necessary authorization from the United States Court of Appeals for the Tenth Circuit.

Petitioner shall be given twenty (20) days in which to show cause why this action should not be treated as successive and either transferred to the United States Court of Appeals for the Tenth Circuit for consideration of authorization, or dismissed for failure

7

to obtain Circuit Court authorization prior to filing.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to show cause why this action should not be treated as successive and either transferred or dismissed as set forth herein.

**IT IS SO ORDERED**.

Dated this 24th day of October, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
