IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROGER L. MOSS,**

                Petitioner,

      v.                           CASE NO. 06-3289-SAC

**DAVID R. McKUNE, et al.,**

                Respondents.

### MEMORANDUM AND ORDER

In this petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254, Mr. Moss attempts to challenge two convictions entered against him pursuant to his pleas of nolo contendere and guilty in 1993. Since 1993, Mr. Moss has accumulated additional state convictions and probation violations, and filed post-conviction motions in the state courts. In 1996, Moss was convicted in an unrelated felony drug case (Case No. 96CR2188). In 2002, he filed a federal habeas corpus petition under 28 U.S.C. 2254 specifically challenging the 1996 conviction and enhancement of his sentence in that case based upon his prior convictions. Moss v. McKune, 258 F.Supp.2d 1168 (D.Kan. March 7, 2003). In a Memorandum and Order entered herein on October 24, 2006, this court found the instant Petition appears to be "successive" to his 2002 petition, and advised Moss that under 28 U.S.C. §2244(b)(3)(A), a second or successive petition for habeas corpus may be filed in the district court only if the applicant first obtains an order from the

appropriate federal court of appeals authorizing the federal district court to consider the petition. Petitioner was given time to show cause why this action should not be treated as successive and either transferred to the United States Court of Appeals for the Tenth Circuit for consideration of authorization, or dismissed for failure to obtain Circuit Court authorization prior to filing.

In petitioner's federal habeas action filed in 2002, the Honorable Senior U.S. District Court Judge Wesley E. Brown described the procedural history of Mr. Moss's several convictions and claims in a very thorough opinion, which was discussed and cited in this court's prior Memorandum and Order. Id. Many of Judge Brown's findings in denying habeas relief to Mr. Moss in the prior action were relevant to the issues raised in the current habeas action and were set forth in this court's order to show cause. Judge Brown's conclusion was quoted that, "because the prior convictions are now no longer open to direct or collateral review in state court, Petitioner may not attack them in a § 2254 petition." Id. *citing* see Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 402 (2001). Petitioner appealed Judge Brown's opinion, and the Tenth Circuit Court of Appeals denied a Certificate of Appealability. The Circuit Court found Judge Brown had reviewed petitioner's claims, previously adjudicated by the Kansas courts, including that "the prior convictions used to enhance Moss' sentence were obtained in violation of the Constitution;" and had "concluded that the state courts' adjudication of these claims was not contrary to, nor an

unreasonable application of clearly established federal law." Moss v. McKune, No. 03-3092 at *3-*4 (10th Cir. Dec. 9, 2003).

Petitioner has responded to this court's order requiring him to show cause why this action should not be treated as successive by alleging he has "never filed in Federal Court under the case 93CR1479, and 93CR1589." This court has reviewed the Petition filed by Mr. Moss in Moss v. McKune, 258 F.Supp.2d at 1168, Case No. 02-3087-WEB. It finds from that petition and the published opinion of Judge Brown that petitioner clearly raised his claims regarding his 1993 pleas and repeatedly cited case numbers 93CR1479 and 93CR1589. Id., Petition (Doc. 1) at pgs. 20-21. For example, Moss alleged in his Petition in Case No. 02-3087 that he was rushed, coerced, and misled into entering the 1993 pleas, and induced by the prosecutor to plead to the charges in 93CR1589 and 93CR1479 under a plea agreement that violated Kansas law. Id. at 22-23. He thus argued his 1993 pleas were not "freely, fairly and understandingly made," and the plea agreement violated his constitutional rights and was void. Id. at 23. He also argued his defense counsel was ineffective for not knowing and informing the court of the illegality of the plea agreement. Id. He further argued the trial court violated due process because there was an insufficient factual basis for acceptance of his 1993 pleas, and that counsel was ineffective for not filing an appeal. Id. at 23-24. Petitioner asserted, "the convictions 93CR1589 and 93CR 1479 are unconstitutional convictions based upon the facts stated above."

<u>Id</u>. at 25.  Moss further stated he was challenging "the old conviction being used to enhance his current convictions, 93CR1589 and 93CR1479."  <u>Id</u>.  Thus, it is clear Mr. Moss challenged his 1993 convictions as unconstitutional as well as his 1996 sentence on the ground that the 1993 convictions were illegal and should not have been used for enhancement.

This court concludes Mr. Moss raised his claims that his 1993 convictions were unconstitutional in <u>Moss</u> in Case No. 02-3087, and Judge Brown ruled upon those claims.  The court finds that nothing else alleged in the Response filed by petitioner persuades that the current Petition should not be treated as second and successive under 28 U.S.C. 2244(b)(3)(A).  Because this application for habeas corpus relief is successive, and because petitioner makes no showing that he has obtained the necessary authorization from the United States Court of Appeals for the Tenth Circuit, the court concludes this matter must be transferred to the Court of Appeals for a determination whether this matter may proceed.

Petitioner has also filed a Motion to Appoint Counsel to "help argue" for authorization to the Court of Appeals, which is denied.  Petitioner has no right to appointment of counsel in habeas corpus proceedings.  Moreover, this court has not been shown to have jurisdiction to rule upon motions in an action whose filing has not yet been authorized.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Appoint Counsel (Doc. 4) is denied; and this matter is transferred to the

United States Court of Appeals for the Tenth Circuit.

Copies of this order shall be transmitted to the petitioner and to the Clerk of the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED**.

Dated this 16th day of November, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge